IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHARLES RODNEY PARKE, *et al.*, | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 09-0327-WS-C |
| | ) | |
| EDWARD GLOVER, *et al.*, | ) | |
| | ) | |
|     Defendants. | ) | |

**ORDER**

This matter comes before the Court on defendant Edward Glover's Motion for Leave to Join as a Counter-Plaintiff and to File Counterclaims Against the Plaintiffs (doc. 21).  The Motion has been briefed and is ripe for disposition at this time.[1]

I.    **Relevant Background.**

This removed action arises from business dealings between plaintiffs (Charles Rodney Parke, Parke Properties, LLC, and Land Investments Properties, LLC) and defendants (Edward Glover, Valley Creek Land Company of York, LLC, and K&L of Selma, LLC).  In particular, the Complaint alleges that Glover persuaded Parke to invest in certain tracts of land in Marion County, Alabama and Dallas County, Alabama, as a joint venture with Glover, the idea being that the parties would pool their funds, purchase the property, and resell it for a tidy profit. Plaintiffs allege that they sent Glover approximately $400,000 to effectuate the purchase of the property, to make certain improvements as to same, and to satisfy regulatory requirements, but that defendants used only a portion of those funds on the property, and pocketed the remainder. On that basis, the Complaint asserts causes of action against all defendants for fraud, breach of fiduciary duty, and joint venture and breach of contract, and seeks damages of $900,000.

---

[1]    Glover previously filed a Motion for Leave to Join as a Counter-Plaintiff (doc. 19); however, that earlier motion has been superseded and supplanted by the present iteration of Glover's Motion.  Because it has effectively been rendered redundant by the subsequent filing, the original Motion for Leave to Join as a Counter-Plaintiff (doc. 19) is **moot**.

Case 2:09-cv-00327-WS-C   Document 24   Filed 11/18/09   Page 2 of 4

In conjunction with its Answer (doc. 8) filed on June 23, 2009, defendant Valley Creek Land Company of York, LLC, interposed counterclaims against Charles Rodney Parke and Parke Properties, LLC.  In those counterclaims, Valley Creek maintains that Parke and Parke Properties failed to pay the balance of the purchase price for the property in question, failed to compensate Valley Creek for its efforts to manage the development of a contemplated subdivision on the property, and failed to pay fees owed for preparing the lots.  On that basis, Valley Creek asserts claims against Parke and Parke Properties for work and labor done, breach of implied contract, and breach of agreement and setoff.  Valley Creek seeks damages of $400,000 on the work and labor done and breach of implied contract causes of action, and $36,500 on the breach of agreement claim.

Defendant Glover did not initially bring counterclaims against Parke and Parke Properties, but instead filed an Answer (doc. 9) on June 23, 2009, that largely adopted and incorporated by reference the Answer of defendant Valley Creek.  However, that posture changed after Parke and Parke Properties answered Valley Creek's counterclaims by, *inter alia*, denying that Valley Creek had any agreement with them, that Glover was acting as an agent for Valley Creek, or that they ever dealt with Glover in any capacity other than as an individual. (*See* doc. 12.)  In light of defendants' Answer to Valley Creek's counterclaims, Glover filed a motion to assert Valley Creek's counterclaims on his own behalf, expressly citing as grounds for the motion that Parke and Parke Properties "denied ... that they dealt with [Glover] in his capacity as the agent and managing member of Valley Creek."  (Doc. 19, at 2.)  Glover's initial motion to amend his pleadings to assert counterclaims against Parke and Parke Properties was filed on October 9, 2009, which was the deadline established by the Rule 16(b) Scheduling Order (doc. 16) for motions for leave to amend pleadings and to join other parties.  Glover's proposed counterclaims would be substantively identical to those of Valley Creek, except that they would be predicated on the notion that Glover's dealings with Parke and Parke Properties were in his individual capacity, rather than as agent of Valley Creek.

II.     Analysis.

Parke and Parke Properties have filed an Opposition (doc. 22) to Glover's Motion on the stated ground that Glover's proposed counterclaims are compulsory counterclaims that he was required to raise in his initial pleading, pursuant to Rule 13(a), Fed.R.Civ.P.  Because he did not

do so, plaintiffs maintain, Glover is barred from raising them now.[2]

In response, Glover does not contest plaintiffs' characterization of his proposed Counterclaims as being compulsory counterclaims within the ambit of Rule 13(a); however, he contends that he should be granted leave to pursue those claims against Parke and Parke Properties because the Federal Rules of Civil Procedure provide that a party may "amend a pleading to add a counterclaim if it was omitted through oversight, inadvertence, or excusable neglect or *if justice so requires*."  Rule 13(f), Fed.R.Civ.P. (emphasis added).  "The decision to grant leave to file a counterclaim is an exercise of discretion" by the district court.  *Braxton v. United States*, 858 F.2d 650, 656 (11th Cir. 1988).  It has been observed that "[t]he standards for permitting the addition of an omitted counterclaim under Rule 13(f) generally coalesce with the standards for permitting amendment of a pleading under Rule 15(a)." *Barnett v. Norfolk & Dedham Mut. Fire Ins. Co.*, 773 F. Supp. 1529, 1533 (N.D. Ga. 1991).  Of course, Rule 15(a) "severely restricts" a district court's discretion to deny leave to amend.  *Sibley v. Lando*, 437 F.3d 1067, 1073 (11th Cir. 2005).  Indeed, "[u]nless a substantial reason exists to deny leave to amend, the discretion of the District Court is not broad enough to permit denial." *Florida Evergreen Foliage v. E.I. DuPont De Nemours and Co.*, 470 F.3d 1036, 1041 (11th Cir. 2006) (citation omitted).

Under the circumstances presented here, the Court finds that the interests of justice do militate in favor of allowing Glover's Counterclaims.  The record is clear that Glover seeks to interpose these Counterclaims for the sole purpose of addressing Parke and Parke Properties' defense to Valley Creek's counterclaims that they had no dealings with Valley Creek but were instead dealing with Glover as an individual.  Glover plainly has a good-faith basis for interjecting such claims at this time, given Parke and Parke Properties' contention in answering Valley Creek's counterclaims that all of their business dealings were with Glover as an

---

[2]     As with many of their other filings, plaintiffs' brief is improperly formatted.  In particular, plaintiffs' filing is single-spaced, whereas the Local Rules expressly require that all papers tendered for filing in this District Court "must be double-spaced."  LR 5.1(a)(1). Plaintiffs are expected to conform to the formatting requirements of Local Rule 5.1 in all future filings in this matter.

individual, not as an agent of Valley Creek.[3]  Moreover, because the substance of Glover's

Counterclaims is identical to those previously interposed by Valley Creek, there can be no unfair

surprise to allowing such claims at this time.  Plaintiffs have not identified any prejudice that

they would incur if Glover were allowed to raise his Counterclaims now.  The discovery cutoff

remains nearly four months away, so there is ample time for plaintiffs to explore the merits of

Glover's Counterclaims via the discovery process.  Finally, allowing Glover's Counterclaims

furthers the objectives of judicial efficiency and avoiding a multiplicity of lawsuits, inasmuch as

denial of Glover's Rule 13(f) motion might prompt him to commence a separate lawsuit against

Parke and Parke Properties to preserve such claims, albeit in piecemeal fashion.

## III.     Conclusion.

For all of the foregoing reasons, defendant Glover's Motion for Leave to Join as a

Counter-Plaintiff and to File Counterclaims (doc. 21) is **granted**.  Pursuant to Section II.A.6. of

this District Court's Administrative Procedures for Filing, Signing and Verifying Documents by

Electronic Means, Glover is **ordered**, on or before **November 25, 2009**, to file his

Counterclaims as a freestanding document in substantially the form appended to his Motion as

an exhibit.  Parke and Parke Properties must answer those Counterclaims by no later than

**December 9, 2009**.

DONE and ORDERED this 18th day of November, 2009.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[3]      Parke and Parke Properties protest that "defendants have already ... stated that the
individual Glover did not deal with the plaintiffs.  Now the individual Glover argues that he may
have had business dealings individually with the plaintiff when in the answer of his solely owned
entities it was stated that he did not have any individual dealings with the plaintiff.  This
provides a confusing counterclaim ...."  (Doc. 22, at 2-3.)  The phenomenon that plaintiffs are
describing is known as pleading in the alternative, and is a commonplace and accepted practice
in federal court.  *See, e.g., United Technologies Corp. v. Mazer*, 556 F.3d 1260, 1273 (11th Cir.
2009) (recognizing that the Federal Rules of Civil Procedure "expressly permit[] the pleading of
both alternative and inconsistent claims").  Defendants are not required to put all their eggs in
one basket as to whether Glover was or was not acting as Valley Creek's agent, but are instead
perfectly free to plead their counterclaims in the alternative, as they have done.