# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| CHARLES RODNEY PARKE, *et al.*, | : |
| Plaintiffs, | : |
| vs. | :    CA 09-0327-WS-C |
| EDWARD GLOVER, *et. al.*, | : |
| Defendants. | : |

## ORDER

This matter is before the undersigned, pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.2(c)(1), on Defendants' Motion for Protective Order and Objection to Subpoenas, (Doc. 30) filed January 13, 2010, and Plaintiff's Response to Motion by Defendant Ed Glover for Entry of a Rule 26(c) Protective Order and Objection to Subpoenas (Doc. 32), filed January 14, 2010. After consideration of the motion and the objections contained therein, it is hereby **DENIED** and Defendants objections are **OVERRULED**.

## I.    Background.

On December 21, 2009, Plaintiffs issued subpoenas to three banks (Regions Bank, Banc Trust Bank, and RBC Bank) asking each to produce:

> A copy of all bank records, financial statements and applications for loans of Ed Glover, World Properties of Jessup, K&L of Selma LLC and Valley Creek Land Company

of York, LLC from 2005-December 2008. This should
include all monthly statements, cancelled checks, deposits and
agreements for the accounts . . .

(Doc. 30, pgs. 2, 7-9.)[1]

Notice (Doc. 29) was given to Defendants on December 22, 2009, but Defendants waited 22 days to file their current motion (Doc. 30), objecting to the subpoena requests and asking this Court for a protective order that would preclude the discovery of a portion of the information covered by the subpoenas. As grounds for the motion, Defendants state that Plaintiff's subpoena requests are "overbroad and not calculated to lead to the discovery of admissible evidence with regard to any issue in this case" and "calls [sic] for them to make available personal and private information not relative to this action." (*Id*. at 2-3.) The undersigned interprets these relatively unelaborated objections as a statement from Defendants that an unidentified portion of the information sought by Plaintiffs is not relevant or perhaps otherwise protected as private information.[2]

---

[1] A service date for these subpoenas has not been provided but the performance date is January 30, 2010.

[2] Defendants do, however, specifically object to Plaintiffs' efforts to obtain "all records from accounts of which Sandra Glover is a co-owner," although an independent look at the subpoenas reveals that Mrs. Glover's name is actually not mentioned in the subpoenas. (Doc. 30, p. 3, 7-9.) The fact that she and her husband are the only initial members of Defendant K&L of Selma, LLC, however, largely moots Defendants' objection that the subpoenas ask for (presumably sensitive) information pertaining to a non-party. (Doc. 32-2, p. 1.) In addition, Defendants have failed to provide precedent for redacting a portion of financial records on the basis that they may contain personal information of a co-owner of the account.

2

Plaintiffs interject that these subpoena requests, which no third party has objected to, became necessary when Defendants revealed through interrogatory responses that their office in Selma was burglarized in early 2008 and the documents requested by Plaintiffs were therefore unavailable. (Doc. 32, p. 2; *See also* Doc. 32-1.) This information certainly creates a greater need for obtaining financial information from third parties.

**II.     Discussion.**

    **A.     26(c) Protective Order**

Rule 26(c) of the Federal Rules of Civil Procedure states, in pertinent part:

> A party or person from whom discovery is sought may move for a protective order in the court where the action is pending . . . The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
>       .   .   .
>
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters . . .

Fed.R.Civ.P. 26(c)(1)(D). Here, it is clear that Defendants have pointed to language in the subpoenas normally found objectionable on the basis that the request for information is unreasonably broad, but have not, however, carried their burden to demonstrate good cause for the protective order

requested. *Estate of Manship v. U.S.*, 240 F.R.D. 700, 701 (N.D.Ga. 2006)("The party moving for a protective order has the burden of demonstrating 'good cause.'"). In order to establish good cause, the moving party must offer a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16 (1981). Ultimately, moreover, the entry of a protective order lies within the court's sound discretion. *Thomas v. Int'l Bus. Machs.*, 48 F.3d 478, 482 (10th Cir. 1995); *Kansas City Southern Ry. Co. v. Nichols Constr. Corp.*, 2008 WL 199875, *2 (E.D.La. Jan. 22, 2008). To put it clearly, Defendants have failed to meet their burden of proving that Plaintiffs subpoenas should be disallowed or modified because they have neglected to show any concrete way in which the third-party subpoenas fall outside the range of acceptable discovery. While a reading of the subpoena requests does suggest an overly broad scope, the moving parties have not identified what portion of the information sought by Plaintiffs should be legally discoverable, and what portion should not, removing their objections from the realm of the "particular and specific" and depositing them squarely in that of the "stereotyped and conclusory."

In deciding that the subpoenas seek discoverable information, reasonable in time and scope, the undersigned is mindful of the rather unusual outcome of Plaintiffs' earlier attempts at discovery, which were

4

thwarted by an early 2008 burglary in which all the relevant documents to the parties' current dispute were apparently stolen, the reasonable time period of the subpoena requests (from 2005 to December 2008), and Sandra Glover's status as one of two initial members (along with her husband) of K&L of Selma, LLC, a named defendant in this action. (Doc. 32-2, p. 1.)

The timing of the objections to the subpoenas creates a seperate problem with Defendants' motion. Fed.R.Civ.P. 45(b)(1) states, in relevant part:

> If [a] subpoena "commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served, a *notice must be served on each party*.

(emphasis added). It has been said that "[t]he purpose of requiring notice prior to service is to allow opposing parties to object prior to service and move to quash or for a protective order." 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2454 (3d ed. 2008). *See also Richards v. Convergys Corp.*, 2007 WL 474012, *2 (D.C. Utah Feb. 7, 2004); *Zinter Handling, Inc. v. General Elec. Co.*, 2006 WL 3359317 (D.C.N.Y. Nov. 16, 2006). Even if that notice is only one day prior to service of the subpoenas, that should provide parties with sufficient time to file objections and move to quash. In this regard, Plaintiffs aver:

> [M]ore than fifteen days have elapsed since the notice of intent to serve subpoenas, were [sic] mailed to the third

5

parties, and the plaintiffs intent to file a statement of return of service on the issuance of subpoenas soon.

(Doc. 32, p. 3.) With this procedural posture in mind, it is clear that Defendants are essentially asking this Court to modify subpoenas after the fourteen days for objections by the third parties has expired without independent objections by those third parties. Even if, as Plaintiffs contend, Rule 45 contains no provision of time for filing objections by parties to the filing of *notices of intent* to file subpoenas, it is clear that the period should not exceed that given the third parties served with the subpoenas. It would seriously subvert the discovery process to allow Defendants, at this late hour, to prevent a course of action that has been in place since December 22, 2009.[3] Simply put, by waiting over 22 days from the time they received notice from Plaintiffs of their intent to serve the very subpoenas to which they now object, Plaintiffs have, in the undersigned's opinion, waived their opportunity to present their limited and vague objections.

    **B.**    **Objection to Subpoenas**

---

[3] Fed.R.Civ.P. 45(c)(2)(B), entitled "Objections," mandates:

> A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection . . . The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served.

Because Defendants' objections to the subpoenas were tardy and embodied in their motion for a protective order, the undersigned will not independently consider the merits of the objections.  Put another way, because all of the merits of Defendants' objections have been addressed by the denial of the protective order sought, there is no need for this Court to separately address them here.

**III.    Conclusion.**

For the reasons identified above, Defendants' Motion for Protective Order (Doc. 30) is **DENIED** and Defendants' objections to the third party subpoenas are **OVERRULED**.

**DONE AND ORDERED** this 26th day of January, 2010.

<span style="margin-left:auto">s/WILLIAM E. CASSADY<br>UNITED STATES MAGISTRATE JUDGE</span>