# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **CHARLES RODNEY PARKE,** *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION 09-0327-WS-C |
| ) | |
| **EDWARD GLOVER,** *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter comes before the Court on plaintiffs' Motion to Reinstate Case for Settlement Purposes (doc. 38).

On April 15, 2010, the undersigned entered an Order (doc. 37) dismissing this action on settlement, subject to the right of any party to reinstate the case within 30 days if the settlement documentation were not consummated in the interim. On May 13, 2010, plaintiffs timely requested reinstatement on the grounds that (i) the parties agreed in their confidential settlement agreement that the Court would retain jurisdiction to enforce the agreement; (ii) "there have been some problems implementing" their settlement agreement, although both sides have been working in good faith to resolve them; and (iii) "the parties may need instruction from the Court as to how this settlement agreement would be carried out." (Doc. 37, ¶¶ 1-3.) Thus, plaintiffs requested reinstatement not because the settlement had collapsed, requiring reopener of litigation proceedings against defendants, but instead to have this Court retain jurisdiction over the parties' settlement, which is very much intact. Plaintiffs' motion was effectively one for retention of jurisdiction, with reinstatement serving as the means to that end.

In the ordinary case when federal court litigants enter into a settlement agreement, this Court does not retain jurisdiction to oversee enforcement issues that may arise months or even years down the road; rather, those concerns typically implicate state law and are left for state

courts to adjudicate.[1]  This is particularly true where the underlying settlement document is a confidential, private agreement that the Court had no involvement whatsoever in brokering.  *See, e.g., Iverson v. Braintree Property Associates, L.P.*, 2008 WL 552652, *5-6 (D. Mass. Feb. 26, 2008) (retention of jurisdiction would "distort the Court's role in civil litigation" by necessitating that "public resources will be expended to enforce a confidential civil agreement" as to the bona fides of which the court had never ruled); *Carson Mfg. Co. v. Star Headlight & Lantern Co.*, 2003 WL 21755517, *1 (S.D. Ind. July 28, 2003) ("Retaining jurisdiction over a dismissed action for purposes of enforcing the settlement agreement is potentially problematic, particularly when the settlement agreement" is confidential).  There is no reason to believe that extraordinary or unusual circumstances are present here that might warrant an ongoing commitment of judicial resources to monitor and enforce the parties' settlement agreement.  In that regard, the parties have made no showing that the procedural options and enforcement mechanisms generally available under Alabama law are not sufficient to protect their interests in the event that future insuperable problems may arise in the implementation of their settlement agreement.  In the absence of any special circumstances that might warrant retention of jurisdiction, the Court finds

---

[1]  *See generally Kokkonen v. Guardian Life Insurance Co.*, 511 U.S. 375, 378, 382, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) (enforcement of a settlement agreement "is more than just a continuation or renewal of the dismissed suit," such that "enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction"); *Camacho v. City of San Luis*, 2009 WL 4912617, *4 (9th Cir. Dec. 2, 2009) (when parties reached agreement via mediation, "it was the court's prerogative not to retain jurisdiction over any disputes" concerning that agreement); *Restellini v. Amy Charles, Inc.*, 2009 WL 2579316, *1, 4 (M.D. Fla. Aug. 17, 2009) (declining to retain jurisdiction to enforce settlement agreement because breach of agreement would not involve any federal claim); *Limbright v. Hofmeister*, 553 F. Supp.2d 886, 892-93 (E.D. Mich. 2008) ("Generally, courts do not retain jurisdiction to enforce settlement agreements because those controversies implicate state law and have little to do with the original controversy that invoked federal subject-matter jurisdiction."); *International Broth. of Elec. Workers, Local 90 v. National Elec. Contractors Ass'n*, 2008 WL 918481, *15 (D. Conn. Mar. 31, 2008) (declining to retain jurisdiction to monitor enforcement of judgment and noting that "[i]f the defendants fail to comply, in any way," plaintiff "may exercise any of its post-judgment procedural options to enforce the judgment"); *Cross Media Marketing Corp. v. Budget Marketing, Inc.*, 319 F. Supp.2d 482, 483 (S.D.N.Y. 2004) ("A district court is not obliged to retain jurisdiction to enforce a settlement simply because parties may wish it to do so."); *Rudinger v. Insurance Data Processing, Inc.*, 816 F. Supp. 371, 372 (E.D. Penn. 1993) ("if courts want to retain jurisdiction, they may").

that the panoply of available state-law remedies should provide ample recourse to plaintiffs in enforcing the agreed-upon settlement.

All of that said, it is unclear whether the various promissory notes, releases and so on referenced in the undated settlement agreement have actually been executed, or whether problems or difficulties have arisen to forestall the execution of those settlement documents. To ensure that the parties have adequate time to consummate their settlement documentation (albeit not necessarily the exchange of promised funds or the purchase of any property) before the right of reinstatement expires, and in light of plaintiffs' timely Motion to Reinstate, the reinstatement period identified in the April 15 Order is hereby **extended** for an additional 30 days.

For all of the foregoing reasons, plaintiffs' Motion to Reinstate Case for Settlement Purposes (doc. 38), which is actually a motion for retention of jurisdiction, is **denied without prejudice**; however, the deadline for any party to move for reinstatement of this action is **extended** through and including **June 14, 2010**.

**DONE** and **ORDERED** this 19th day of May, 2010.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE